UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

HAMETT DIAZ,

          Plaintiff,

-against-

UNITED STATES OF AMERICA; ALAN
VINEGRAD; JAMES H. KNAPP; KELLY
CURRIE,

          Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER
05-CV-3858 (CBA)

AMON, United States District Judge.

    Plaintiff, a federal prisoner currently incarcerated in Florida, appearing *pro se*, files what he labels as a motion for summary judgment against current and former Assistant United States Attorneys for the Eastern District of New York. Plaintiff has not paid the filing fee or requested to waive the fee. Accordingly plaintiff is granted leave to file an amended complaint within sixty (60) days, along with the $250.00 filing fee or a request to proceed *in forma pauperis* as detailed below.[1]

### Standard of Review

    Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if

---

[1] A request to proceed *in forma pauperis* along with a prisoner authorization is annexed to this Order.

1

the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A (b); Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## Discussion

Plaintiff's fifty-seven page "motion" is incomprehensible. If plaintiff seeks to initiate a civil action against defendants he must file a complaint, not a motion for summary judgment.[2] Moreover, Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals, Inc. v. Broudo, --- U.S. ----, ----, 125 S.Ct. 1627, 1634 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in

---

[2] Simply stated, a motion for a summary judgment is a request by one of the parties to a lawsuit that the court enter a judgment in their favor without a trial. See also Rule 56 of the Federal Rules of Civil Procedure.

2

which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

## Leave to Amend

Here, even if this Court were to construe plaintiff's motion as a complaint it falls far short of giving the fair notice of the claim as required under Rule 8(a)(2). The claims in the motion are vague and unintelligible. Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 60 days leave to file a complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).

Moreover, plaintiff is advised that prosecutors are entitled to absolute immunity from civil suits for claims based on their prosecutorial decisions to initiate and pursue criminal prosecutions. Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001); Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994); Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993). Should plaintiff file a complaint, he must set forth the legal basis and factual allegations to support his claims against defendants, and the relief he is seeking with respect thereto. The allegations must be short, plain, concise and legible.

The complaint must be captioned as a "Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 60 days. If plaintiff fails to submit a complaint along with either the $250.00 filing fee or a request to waive the filing fee within 60 days as directed by this order, the Court shall dismiss this complaint 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ HON. CAROL B. AMON
———————————————
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
Oct. 25 2005

4