UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

HAMETT DIAZ,

        Plaintiff,

-against-

        MEMORANDUM AND ORDER
        05-CV-3858 (CBA)

UNITED STATES OF AMERICA; ALAN
VINEGRAD; JAMES H. KNAPP; KELLY
CURRIE,

        Defendants.
----------------------------------------------------------x

AMON, United States District Judge.

On August 18, 2005, plaintiff, who was at that time a federal prisoner incarcerated in Florida, appearing *pro se*, filed what he labeled as a motion for summary judgment against current and former Assistant United States Attorneys for the Eastern District of New York. Plaintiff did not pay the filing fee or request to waive the fee. By order dated October 25, 2005, this Court granted plaintiff leave to file an amended complaint, along with the $250.00 filing fee or a request to proceed *in forma pauperis*.

The order was mailed to the correctional facility where plaintiff had been incarcerated. However, the order was returned as undeliverable. The Bureau of Prisons website indicates that plaintiff was released on August 22, 2005. See www.bop.gov. On December 7, 2005, plaintiff filed a duplicate of his previously submitted motion for summary judgment which this Court referred to The Honorable Lois Bloom, United States Magistrate Judge, for a report and recommendation. That referral order is hereby vacated.

1

Plaintiff is granted an additional sixty (60) days leave to file a complaint, along with the $250.00 filing fee or a request to proceed *in forma pauperis* as detailed below.[1]

## Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A (b); Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## Discussion

Plaintiff's "motion" is incomprehensible. If plaintiff seeks to initiate a civil action against defendants he must file a complaint, not a motion for summary judgment.[2] Moreover, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharmaceuticals,

---

[1] A request to proceed *in forma pauperis* along with a prisoner authorization is annexed to this Order.

[2] Simply stated, a motion for a summary judgment is a request by one of the parties to a lawsuit that the court enter a judgment in their favor without a trial. See also Rule 56 of the Federal Rules of Civil Procedure.

2

Inc. v. Broudo, --- U.S. ----, ----, 125 S.Ct. 1627, 1634 (2005) (citation omitted); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002); see also Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

When a complaint fails to comply with this rule, the district court may dismiss it *sua sponte*. Simmons, 49 F.3d at 86. However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000)).

## Leave to Amend

Here, even if this Court were to construe plaintiff's motion as a complaint, it falls far short of giving the fair notice of the claim as required under Rule 8(a)(2). The claims in the motion are vague and unintelligible. Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 60 days leave to file a complaint that complies with Rule 8. Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) (holding district court erred by dismissing complaint without granting opportunity to amend).

Moreover, plaintiff is advised that prosecutors are entitled to absolute immunity from civil suits for claims based on their prosecutorial decisions to initiate and pursue criminal prosecutions. Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994); Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993). Should plaintiff file

an amended complaint, he must set forth the legal basis and factual allegations to support his claims against defendants, and the relief he is seeking with respect thereto. The allegations must be short, plain, concise and legible.

The complaint must be captioned as a "Complaint" and bear the same docket number as this order. No summons shall issue at this time and all further proceedings shall be stayed for 60 days. If plaintiff fails to submit a complaint along with either the $250.00 filing fee or a request to waive the filing fee within 60 days as directed by this order, the Court shall dismiss this complaint 28 U.S.C. § 1915A.

The order referring the summary judgment motion to Magistrate Judge Lois Bloom is hereby vacated. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
12/27/2005